# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| SEAN C. CULLINAN, | ) | |
|      Plaintiff, | ) | |
|     vs. | ) | Case NO.:  2012 CV 05382 |
| | ) | |
| YMCA OF METROPOLITAN | ) | |
| CHICAGO FOUNDATION, | ) | Judge: |
| AMANDA YEAST, and | ) | |
| JACQUELINE J. WOOTEN, | ) | |
|      Defendant. | ) | Magistrate Judge: |

## COMPLAINT

Plaintiff, SEAN C. CULLINAN, by and through his attorney, James J. Macchitelli, brings this action against Defendants, YMCA OF METROPOLITAN CHICAGO FOUNDATION, an Illinois not for profit Corporation, AMANDA YEAST and JACQUELINE J. WOOTEN, and states as follows :

### NATURE OF ACTION

1.      This action is brought by Plaintiff, SEAN C. CULLINAN, a tenant, against, Defendant, YMCA OF METROPOLITAN CHICAGO FOUNDATION, the Plaintiffs Landlord to enforce the provisions of Title VII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. § 3601 (f)(1)(A), (the "Fair Housing Act").

### JURISDICTION & VENUE

2.      This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 (federal question), 42 U.S.C. § 3613 (fair housing), and 28 U.S.C. § 1367 (supplemental jurisdiction).

3.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) as the events giving rise to Plaintiff's claims occurred within the Northern District of Illinois, Eastern Division.

**JURY DEMAND**

4.      Plaintiff demands a jury trial on each and every claim to which he is so entitled.

**PARTIES**

5.      Plaintiff, SEAN C. CULLINAN, has been a tenant at the Leaning Tower YMCA Housing Complex for several years and Plaintiff is a mentally disabled person, and is a citizen of the United States, residing in Niles, Illinois, within the Northern District of Illinois.

6.      On information and belief at all times relevant to this action, Defendant, YMCA OF METROPOLITAN CHICAGO FOUNDATION, an Illinois not for profit Corporation, was the owner and manager of Leaning Tower YMCA Housing Complex commonly know and referred to as 6300 West Touhy Avenue, Niles, Illinois 60714.

7.      On information and belief at all times relevant to this action, Defendant, AMANDA YEAST, was the Executive Director of the Leaning Tower YMCA on site Housing and an employee of Defendant, YMCA OF METROPOLITAN CHICAGO.

8.      On information and belief at all times relevant to this action, Defendant, JACQUELINE J. WOOTEN, was the on site Housing Manager and an employee of Defendant, YMCA OF METROPOLITAN CHICAGO.

**FACTUAL ALLEGATIONS**

9.      The Leaning Tower YMCA Housing Complex (hereafter "Leaning Tower YMCA") is a large multi family dwelling with 197 apartments or single room occupancy housing units which is rented to the public at 6300 West Touhy Avenue, Niles, Illinois 60714.

10.      Plaintiff filled out an application to become a resident of the Leaning Tower YMCA. Plaintiff was attracted to the apartment complex's many on-site amenities, including a swimming pool, recreational activities, workout room and computer room.

11.     Plaintiff's application for residential tenancy was accepted and Plaintiff moved into a room and is currently residing in room 828 at the Leaning Tower YMCA and remained a continuous Leaning Tower YMCA resident for many years.

12.     Soon after moving in, Plaintiff began to establish friendships with other residents and he began to use the workout room on a daily basis.

13.     Recently, the YMCA barred Plaintiff from the workout room and it is believed that the reason that the YMCA used was that Plaintiff was using towels that he was not eligible to use.  Plaintiff was suppose to obtain his towel from housekeeping and not from the towel supply inside the workout room.

14.     Plaintiff is disabled after he sustained severe brain injuries in a motor cycle accident and in July of 2006, Plaintiff participated in a home services program and thus obtained a personal assistant, John Beck, who is also a tenant at Leaning Tower YMCA who provides assistance to Plaintiff for all of his daily tasks to assure his health, safety and well-being.

15.     Since July of 2006, John Beck has been instrumental in the daily care of Plaintiff and has been a very important part of Plaintiff's life and essential to Plaintiff's ability to live on his own and not as a patient in an institution, as each and every day, John Beck assists Plaintiff during his petit mal and grand mal seizures which occur consistently.

16.     Plaintiff's mental deficits and his mental disabilities are the sole reasons that Defendants have terminated his tenancy.  The Defendants have cooperated with one another to set up the Plaintiff and make it difficult for him to conduct himself within the guidelines that the YMCA has recently mandated as acceptable.

17.     The Defendants fabricated an incident whereby it was alleged and reported that on December 22, 2011, Plaintiff displayed inappropriate behavior during an interaction with a

female YMCA employee in the 8th floor hallway where Plaintiff allegedly grabbed his groin during a discussion and stated that I have the family jewels.

18.     It is believed that the Defendants did nothing regarding this alleged misconduct until February of 2012 at which time the Defendants instructed the female YMCA employee to make a police report with the Niles Police who refused to make a report 2 months subsequent to alleged unlawful conduct.

19.     Plaintiff is peaceful YMCA resident who is liked by all YMCA residents and Plaintiff's presence and continued residence at the YMCA is no threat to the well-being of any other tenants, nor the staff nor YMCA guests.  Plaintiff has never been violent and is very caring toward other YMCA tenants and friends.

20.     On May 9, 2012, Defendant, JACQUELINE J. WOOTEN, prepared and hand delivered to Plaintiff a 30 Day Notice that advised that Plaintiff's tenancy will be terminated on June 30, 2012.  A copy of the 30 Day Notice that was served on Plaintiff is attached and marked Plaintiff's Exhibit "A."

21.     As of the date of this action, no eviction action has yet been filed by Defendants and against the Plaintiff in the Circuit Court of Cook County, Illinois, but, it is believed that an eviction complaint is forth coming because YMCA has denied Plaintiff's June 2012 rental payment.

22.     On May 19, 2012, Plaintiff's psychologist, Dr. Michael J. Di Domenico, directed a letter to the Leaning Tower YMCA's Executive Director, Amanda Yeast, which requested a meeting to discuss the termination of Plaintiff's tenancy and the potential for making certain accommodations for Plaintiff.  A copy of the May 19, 2012 correspondence is attached and marked Plaintiff's Exhibit "B."

23. To date, the Defendants refuse to meet with Dr. Michael J. Di Domenico and further Defendants refuse to discuss with Dr. Michael J. Di Domenico, any potential accommodations for Plaintiff and Defendants have just terminated Plaintiff's tenancy.

24. Before terminating Plaintiff's tenancy, Defendants knew that Plaintiff was disabled and was ready, willing, and able to continue renting the apartment in which he was living at the time that Defendants terminated his tenancy.

25. As a direct result of the termination of Plaintiff's tenancy, Plaintiff experienced and continues to experience great emotional and psychological distress, which manifested in more frequent bouts of seizures and bouts with long periods of severe depression related to his disability which causes severe physical and mental pain and severe emotional distress.

26. That Defendants' actions are discriminatory in that the Defendants refuse to make reasonable accommodations in rules, policies, practices, or services, when such accommodations are necessary to afford Plaintiff equal opportunity to use and enjoy the Leaning Tower YMCA and therefore a violation of 42 U.S.C. §3604(f)(3)(B).

27. On information and belief at all times relevant to this action, there was no valid basis for which Defendants could terminate or otherwise adversely affect the tenancy of Plaintiff as was espoused in the 30 Day Notice as Defendants never believed that Plaintiff was a danger nor threat to staff, residents, guests, members or children.

28. The Defendants' refusal to meet with Plaintiff's psychologist, Dr. Michael J. Di Domenico, and Defendants refuse to discuss Plaintiff's tenancy with Dr. Michael J. Di Domenico, all of which serve as proof that Defendants' termination of Plaintiff's tenancy was unlawful, intentional, wanton, malicious, oppressive, reckless, and callously indifferent to the rights of Plaintiff, thus entitling him to an award of punitive damages against Defendants.

29.     Defendants' actions have caused and intentionally inflicted severe emotional distress and depression upon Plaintiff who is suffering great and irreparable loss, humiliation, embarrassment, loss of rights, and other damages and injuries as a proximate result of the acts and conduct of Defendants herein and will continue to so suffer unless said acts and conduct of Defendants are enjoined.

30.     Plaintiff has no adequate remedy at law for the harm done by Defendants.

## FIRST CLAIM FOR RELIEF

## VIOLATION OF THE FAIR HOUSING ACT, 42 U.S.C. § 3604(1)(3)(B)

31.     Plaintiff re-alleges paragraphs 1-30 of this Complaint as paragraph 31.

32.     Title VIII of the Civil Rights Act of 1968, known as the Fair Housing Act, prohibits discrimination in the sale or rental of public or private housing on the basis of handicap. See, 42 U.S.C. § 3604.

33.     For purposes of the Fair Housing Act, as amended, a "handicap" is defined as:

(1)     a physical or mental impairment which substantially limits one or more of a
        person's major life activities;

(2)     a record of such impairment; or

(3)     being regarded as having such impairment, 42 U.S.C. § 3602(h); codified at
        24 C. F. R. § 101.201.

34.     Such mental impairments include, but are not limited to any mental or psychological disorder, including an emotional illness.  24 C.F.R. § 100.201 (a) (2).

35.     The Fair Housing Act, as amended, and its regulations, prohibit, *inter cilia,* discrimination in the rental of, or otherwise making unavailable or denying a dwelling because of a handicap. The Act also prohibits discrimination against any person in the terms, conditions and

privileges of renting a dwelling because of handicap.

36.     By failing to make reasonable accommodations necessary for Plaintiff's disability, Defendants have denied Plaintiff an equal housing opportunity and by terminating Plaintiff's tenancy based on Plaintiff's disability, Defendants intentionally and unlawfully discriminated against Plaintiff by denying him the opportunity to continue renting his apartment in violation of the Fair Housing Act, 42 U.S.C. § 3604(f)(3)(B).

## SECOND CLAIM FOR RELIEF

## VIOLATION OF THE FAIR HOUSING ACT, 42 U.S.C. § § 1981 and 1982

37.     Plaintiff re-alleges paragraphs 1 - 30 of this Complaint as paragraph 37.

38.     Defendants' actions in terminating Plaintiff's lease and denying him the opportunity to rent any apartment in the complex he has lived for almost 8 years because of his disability is unlawful discrimination as it deprives Plaintiff the equal opportunity to the rights of life, liberty and the pursuit of happiness and a violation of the Plaintiff's right to be protected against impairment by non-governmental discrimination and impairment of his rights under color of State law as enjoyed by white citizens in violation of 42 U.S.C. § § 1981 and 1982.

## THIRD CLAIM FOR RELIEF

## VIOLATION OF THE ILLINOIS HUMAN RIGHTS ACT,

## 775 ILCS 5/1-102(A) & 5/3-102 (A), (B)

39.     Plaintiff re-alleges paragraphs 1 -30 of this Complaint as paragraph 39.

40.     By failing to make reasonable accommodations necessary for Plaintiffs alleged improper behavior caused by his disability, Defendants have denied Plaintiff an equal housing opportunity by terminating Plaintiff's tenancy and by denying Plaintiff the opportunity to continue renting his apartment.

41.     Defendants have intentionally discriminated against Plaintiff on the basis of

Plaintiff's disability and therefore violated the Illinois Human Rights Act, 775 ILCS 5/3-102 (A),

(B) & 775 ILCS 5/1-102(A).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, SEAN C. CULLINAN, respectfully requests that this Court

grant the following relief:

(a)     Declare that the discriminatory practices of the YMCA, as set forth above, violate

the Fair Hosing Act, 42 U.S.C. § 3604;

(b)     Deny the YMCA's claim for terminated tenancy and prohibit the YMCA from

evicting SEAN C. CULLINAN;

( c)    Award SEAN C. CULLINAN reasonable attorneys' fees and the litigation costs of

this action pursuant to 42 U.S.C. § 3613(c)(2); and

(d)     Grant such other and further relief as this court deems just and proper under the

circumstances.

Respectfully submitted,

/s/ James J. Macchitelli

James J. Macchitelli
Attorney for Plaintiff

Attorney Number: 6208773
James J. Macchitelli
Attorney for Plaintiff
1051 Perimeter Drive, Suite 400
Schaumburg, Illinois 60173
Telephone: (847) 414-4532
Facsimile: (847) 890-6457
Email: jimmymacc@aol.com